UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARVIN E. WHITE,

        Plaintiff,                         Civil No. 07-6155-HA

        v.                            OPINION AND ORDER

MICHAEL J.  ASTRUE,
Commissioner of Social Security,

        Defendant.

HAGGERTY, Chief Judge:

     Plaintiff brings this action pursuant to 42 U.S.C. § 1383 (c)(3) of the Social Security Act. Plaintiff requests judicial review of a decision by the Commissioner of the Social Security Administration (SSA) denying his application for disability insurance benefits (DIB) payments. He seeks an order reversing the Commissioner's decision and remanding this case for an award of benefits.

## ADMINISTRATIVE HISTORY

     Plaintiff applied for DIB in May 2004, claiming disability commencing on December 1, 1999, and continuing until September 30, 2003, the last date he was insured under SSA

1   - OPINION AND ORDER

guidelines.  Tr. 12, 47-49.[1]  After his application was denied initially and on reconsideration,

plaintiff sought and was granted a hearing before an Administrative Law Judge (ALJ).  This

hearing took place on January 3, 2007.  Tr. 12, 288-312.  On February 23, 2007, the ALJ issued

a decision that found that plaintiff had been capable of making an adjustment to other work

available in the national economy during the period of his alleged disability and, therefore, did

not qualify as disabled during that period.  Tr. 14, 18.  Plaintiff appealed to the SSA's Appeals

Council, which denied the request for review.  This rendered the ALJ's conclusions the

Commissioner's final decision.  Plaintiff sought judicial review of this final decision.

## FACTUAL BACKGROUND

Plaintiff was forty-seven years old on December 1, 1999, the onset date of his alleged

disability.  Tr. 18, 47.  He has past relevant work experience as a carpenter.  Tr. 58, 104, 160.

Other details regarding plaintiff's medical history will be reviewed as necessary in this ruling's

analysis.

## STANDARDS

To establish an eligibility for benefits, a plaintiff has the burden of proving an inability to

engage in any substantial gainful activity (SGA) "by reason of any medically determinable

physical or mental impairment" that has lasted or can be expected to last for a continuous period

of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).

---

1       Citations beginning with "Tr." refer to pages in the official transcript of the
administrative record filed with the Commissioner's Answer.

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *see also Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's Residual Functional Capacity (RFC), which is the most an individual could do in a work setting despite the total limiting effects of all the claimant's impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) and Social Security Ruling (SSR) 96-8p.

Upon establishing the claimant's RFC, the ALJ proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has

performed in the past.  If the claimant is able to perform his or her former work, a finding of "not

disabled" is made and disability benefits are denied.  *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the

Commissioner proceeds to the fifth and final step to determine if the claimant can perform other

work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of

proof as to steps one through four.  Accordingly, the claimant bears the initial burden of

establishing his or her disability.

However, at step five, the burden shifts to the Commissioner to show there is a

significant number of jobs in the national economy that the claimant can perform given his or her

RFC, age, education, and work experience.  *Hoopai*, 499 F.3d at 1074-75 (citations omitted).

If the Commissioner cannot meet this burden, the claimant is considered disabled for

purposes of awarding benefits under the Act.  *See* 20 C.F.R. § 404.1520(f)(1).  If the

Commissioner meets this burden, the claimant is deemed not disabled for purposes of

determining benefits eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards

and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. §

405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999) (citations omitted); *Andrews v.

Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted).  Substantial evidence is "more

than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d  625, 630 (9th

Cir. 2007) (citations and quotations omitted).  This court must uphold the Commissioner's denial

of benefits even if the evidence is susceptible to more than one rational interpretation, as long as

one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947,

954 (9th Cir. 2002) (citation omitted).

The court must weigh all of the evidence, whether it supports or detracts from the

Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The

Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the

Commissioner's decision must be upheld in instances in which the evidence would support either

outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v.*

*Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citations omitted). A decision to deny benefits

may be set aside only if the ALJ's findings are based on legal error or are not supported by

substantial evidence in the record. *Benton*, 331 F.3d at 1035.

## SUMMARY OF THE ALJ'S FINDINGS

At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in

SGA from his alleged onset date, December 1, 1999, through his date last insured, September 30,

2003. Tr. 14.

At step two, the ALJ found that plaintiff suffered from hepatitis C, which constituted a

severe impairment, prior to September 30, 2003, his date last insured. Tr. 14.

At step three, the ALJ found that plaintiff's impairments during the relevant period of

alleged disability did not meet or medically equal any of the listed impairments. Tr. 15. The

ALJ determined that plaintiff retained the RFC to perform a range of light work to medium

work.

At step four, the ALJ found that plaintiff was precluded from performing his past relevant work as a carpenter through September 30, 2003, his date last insured.  Tr. 18.

At step five, the ALJ found that based upon an RFC for light to medium work for plaintiff, Medical Vocational Rule 203.03 directed a finding of "not disabled" for plaintiff.  Tr. 18.

## QUESTIONS PRESENTED

Plaintiff contends that this court should reverse the Commissioner's final decision and remand this action for an award of benefits.  Plaintiff alleges that (1) the ALJ erred at step two in evaluating plaintiff's impairments; (2) the ALJ erred in determining plaintiff's RFC; (3) the ALJ erred in evaluating plaintiff's testimony; (4) the ALJ erred in evaluating lay testimony; and (5) the ALJ improperly relied upon Medical-Vocational Guidelines to conclude that plaintiff was not entitled to DIB.

## DISCUSSION

### 1.    The ALJ's analysis of plaintiff's impairments

Plaintiff first contends that the ALJ erred in finding that plaintiff had failed to present medical evidence sufficient for concluding that plaintiff was disabled during the period between December 1, 1999, and September 30, 2003.  Specifically, plaintiff asserts that the ALJ omitted sufficient consideration of plaintiff's back injury and carpal tunnel syndrome.

There appears to be no dispute by counsel that of the fifteen medical exhibits plaintiff submitted in support of his application, only three pertained to plaintiff's health during the relevant application period.  Tr. 17, 96-147, 173-79.  More specifically, medical evidence was

lacking that pertained to plaintiff's claim that an injury he suffered to his back was disabling during the relevant period.

Similarly, although there was evidence presented that plaintiff suffered carpal tunnel syndrome, and that plaintiff underwent corrective surgery one year after his insured term expired, there was no evidence that this impairment limited plaintiff *during* his insured period. Tr. 14-17.

There is no dispute that a claimant bears the initial burdens of proving disability. However, the court acknowledges that the ALJ also has "a special duty to fully and fairly develop the record and assure that the claimant's interests are considered." *Hayes v. Astrue*, 2008 WL 686867, *2 (Ninth Circuit March 12, 2008) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (*per curiam*)). Relatedly, an ALJ must take reasonable steps to ensure that issues and questions raised during the presentation of medical evidence are addressed so that the disability determination is fairly made on a sufficient record of information. *See Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998, as amended Jan. 26, 1999); *see also* 20 C.F.R. §§ 404.1527(c)(3) and 416.927(c)(3) (explaining how an ALJ may obtain additional evidence where medical evidence is insufficient to determine whether claimant is disabled); 20 C.F.R. §§ 404.1512(e) and 416.912(e) (obtaining additional information from treating doctors).

Here, the ALJ provided a thorough examination of the medical evidence presented. Tr. 14-17. The ALJ's duty to develop the record further was not triggered by plaintiff's references to his back injury or to his carpal tunnel syndrome. *See Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001) (an ALJ need not designate an alleged impairment as severe until a claimant has shown a medically determinable impairment and proves that the impairment or its

symptoms affect the claimant's ability to perform basic work activities); *see also Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (a "duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence") (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

The record before the ALJ was unambiguous and allowed for the proper evaluation of the evidence.  Accordingly, a duty on the part of the ALJ to further develop the record was not triggered.  *Mayes*, 276 F.3d at 459-60.  The ALJ's evaluation about plaintiff's impairments was reasonable and supported by substantial evidence.

## 2.      The ALJ's analysis of plaintiff's RFC

Plaintiff next argues that the ALJ erred by failing to properly consider plaintiff's non-exertional impairments related to his back injury and to his carpal tunnel syndrome in evaluating plaintiff's RFC.  The ALJ correctly interpreted the evidence presented in this action regarding plaintiff's impairments.  Even assuming that the medical evidence can be interpreted as establishing that plaintiff was at least diagnosed as suffering from his back injury and from carpal tunnel syndrome during the relevant insured period, plaintiff fails to point to sufficient evidence that supports the severity of those impairments that he claims.  In fact, the record belies those claims, insofar as the record contains evidence that plaintiff acknowledged working as a carpenter during his relevant insured period.  Tr. 104, 160.

This court concludes that the ALJ's assessment of plaintiff's RFC was complete, specific, and supported by substantial evidence.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ( in making a proper RFC determination, "the ALJ took into account those limitations for

which there was record support that did not depend on [the claimant's] subjective complaints"). Even if plaintiff's argument presents a second alternative rational interpretation of the evidence, this court is compelled to uphold the ALJ's rational conclusions. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

### 3.     The ALJ's analysis of plaintiff's credibility

Plaintiff next takes issue with the ALJ's finding that plaintiff's testimony was less than entirely credible. Tr. 14-17. The ALJ referred to the lack of supporting objective evidence, inconsistent statements to medical providers regarding his limitations, activities, and drug and alcohol use. *Id.*

In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony. *Burch*, 400 F.3d 676, 680 (9th Cir. 2005) (quoting *Tonapetyan*, 242 F.3d at 1148). Medical evidence is a "relevant factor" in determining the severity of a claimant's pain and its effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in a credibility analysis. *Id.*; *see also Burch*, 400 F.3d at 681.

In addition to medical evidence, factors relevant to the ALJ's credibility determination include: a plaintiff's daily activities; the location, duration, frequency, and intensity of his or her symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication; treatment (other than medication); measures used to relieve symptoms; and functional limitations caused by the symptoms. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see also* 20 C.F.R. § 404.1529(c)(3).

If an ALJ finds that a claimant's testimony relating to limitations is unreliable, the ALJ

must make a credibility determination citing the reasons why that testimony is unpersuasive.  *See*

*Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).  The ALJ must identify specifically what

testimony is credible and what testimony undermines the claimant's complaints.  *See Lester v.*

*Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted); *Dodrill v. Shalala*, 12 F.3d 915, 918

(9th Cir. 1993).

Under this analysis, a claimant who alleges disability based on subjective symptoms must

meet two tests.  The first prong of the test requires that the claimant "must produce objective

medical evidence of an underlying impairment 'which could reasonably be expected to produce

the pain or other symptoms alleged. . . .'"  *Bunnell*, 947 F.2d at 344 (quoting 42 U.S.C. §

423(d)(5)(A) (1988)); *see also  Cotton v. Bowen*, 799 F.2d 1407 (9th Cir. 1986); *Smolen*, 80 F.3d

at 1281-82.

Second, the claimant must show that the impairment or combination of impairments

could reasonably be expected to produce some degree of symptom.  *Smolen*, 80 F.3d at 1282.

Notably, this evidence need not establish that the impairments caused the symptom or the

severity of it as alleged by the claimant.

> Nor must the claimant produce objective medical evidence of the
> causal relationship between the medically determinable
> impairment and the symptom.  By requiring that the medical
> impairment "could reasonably be expected to produce" pain or
> another symptom, the *Cotton* test requires only that the causal
> relationship be a reasonable inference, not a medically proven
> phenomenon.  Finally, the claimant need not show that her
> impairment could reasonably be expected to cause the severity of
> the symptom she has alleged; she need only show that it could
> reasonably have caused some degree of the symptom.  This
> approach reflects the highly subjective and idiosyncratic nature of
> pain and other such symptoms. . . .  Thus, the ALJ may not reject

> subjective symptom testimony under the *Cotton* analysis simply
> because there is no showing that the impairment can reasonably
> produce the *degree* of symptom alleged (emphasis in original).

*Smolen*, 80 F.3d at 1282 (citing *Bunnell*, 947 F.2d at 347-48).

"The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284. In determining that subjective testimony is not credible, the ALJ may rely on:

> (1) ordinary techniques of credibility evaluation, such as the claimant's
> reputation for lying, prior inconsistent statements concerning the
> symptoms, and other testimony by the claimant that appears less than
> candid; (2) unexplained or inadequately explained failure to seek
> treatment or to follow a prescribed course of treatment; and (3) the
> claimant's daily activities.

*Id*. (citations omitted).

When a plaintiff has met the burden of showing that his or her impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of the symptoms described by the plaintiff's testimony, and there is no evidence suggesting that the plaintiff is malingering, the ALJ may not reject testimony regarding the severity of plaintiff's symptoms unless there are clear and convincing reasons for doing so. *Id*. at 1283; *see also Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

Moreover, the ALJ is required to specify what testimony is not credible and identify the evidence that undermines the claimant's complaints; general findings are insufficient. *Burch*, 400 F.3d at 680 (citations and quotation marks omitted). The ALJ is not permitted to disbelieve a plaintiff simply because no objective medical evidence supports the plaintiff's testimony regarding the severity of subjective symptoms from which the plaintiff suffers, particularly pain. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006) (citations and quotations

11 - OPINION AND ORDER

omitted).  Rather, to find a plaintiff not credible, the ALJ must rely either on reasons unrelated to the subjective testimony (e.g., reputation for dishonesty), or upon conflicts between the plaintiff's testimony and conduct, or upon internal contradictions in that testimony.  *Id*. (citation and quotations omitted).

The ALJ must provide a "narrative discussion" containing specific reasons for the finding and supported by the evidence in the record, and is required to "make clear" the weight that the adjudicator gave to the individual's statements and the reasons for that weight.  *Id*. (citing SSR 96-7p and SSR 96-8p).

"While an ALJ may certainly find testimony not credible and disregard it as an unsupported, self-serving statement," a court cannot affirm such a determination "unless it is supported by specific findings and reasoning."  *Robbins*, 466 F.3d at 884-85 (internal quotation and citation omitted).

An ALJ may also evaluate credibility by considering inconsistencies between a claimant's testimony and evidence of the claimant's activities of daily living.  *See Thomas*, 278 F.3d at 958-59.

The ALJ's evaluation of plaintiff's credibility met these standards.  The ALJ noted that the medical evidence in the record failed to support plaintiff's claims of disability.  Tr. 17. Moreover, there was evidence that plaintiff in fact worked during the period that he claims to have been disabled, Tr. 104, 160, and that he had full range of spinal motion.  Tr. 100-04, 114, 159,182.

Additionally, the ALJ noted inconsistencies in plaintiff's reported limitations and his

medical providers' observations. Tr. 181-84. Similarly, the ALJ cited plaintiff's inconsistent

statements about his alcohol and drug consumption. Tr. 17. Finally, the ALJ also referred to

evidence of plaintiff's daily activities that conflicted with his testimony about his limitations. Tr.

15-16.

After reviewing the record and the parties' arguments, this court concludes that the ALJ's

determination that plaintiff's testimony was not entirely credible was supported by persuasive

evidence concerning plaintiff's medical condition, his participation in activities inconsistent with

his stated level of limitations, observations by medical professionals, and plaintiff's admission to

two medical professionals that he worked during the period that he claimed to be disabled. This

evidence amounts to clear and convincing reasons to view plaintiff's testimony as not entirely

credible. Plaintiff's objections to the ALJ's findings in this regard must be rejected.

**4.      The ALJ's analysis of plaintiff's lay testimony**

At plaintiff's hearing, testimony was heard from lay witness Brenda White. This witness

completed a report at the behest of the SSA that referred to plaintiff's limitations in lifting,

squatting, bending, standing, reaching, walking, kneeling, stair-climbing, and completing tasks.

Tr. 74. The ALJ acknowledged White's testimony, noting that she testified that plaintiff's

activities were limited by his pain. Tr. 16. The ALJ was not persuaded by this testimony,

however, in part because White failed to disclose the onset of the alleged pain and omitted

references to the home care plaintiff provided to the witness. *Id*.

In determining a claimant's possible disability, an ALJ must consider lay witness

testimony when it is presented. 20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e); *see*

*also Stout v. Commissioner*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citing *Dodrill v. Shalala*, 12

F.3d 915, 919 (9th Cir. 1993)).  Lay testimony as to a claimant's symptoms or how an

impairment affects a person is considered competent evidence and cannot be disregarded without

comment.  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citations omitted).

To discount the testimony of lay witnesses, an ALJ must give reasons that are germane to

each witness.  *Stout*, 454 F.3d at 1053.  When an ALJ errs by failing to properly discuss

competent lay testimony favorable to the claimant, a reviewing court cannot consider the error

harmless "unless it can confidently conclude that no reasonable ALJ, when fully crediting the

testimony, could have reached a different disability determination."  *Stout*, 454 F.3d at 1053.

However, if lay testimony is controverted by the medical evidence presented, the ALJ

does not err by ignoring the lay testimony.  *Timmons v. Comm'r of Soc. Sec.*, 546 F. Supp. 2d

778, 795-96 (E. D. Cal. 2008) (citing *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393,

1395 (9th Cir. 1984).  If the lay testimony is consistent with the medical evidence, then the ALJ

must consider it and comment upon it.  *Id.*, citing *Stout*, 454 F.3d at 1053.  Moreover, in cases in

which plaintiff alleges impairments, "such as chronic fatigue or pain (which by their very nature

do not always produce clinical medical evidence), it is impossible for the court to conclude that

lay witness evidence concerning the plaintiff's abilities is necessarily controverted such that it

may be properly ignored," and the ALJ is required in such cases to consider lay witness

evidence.  *Timmons*, 546 F. Supp. 2d at 796.

In this case, the ALJ provided sufficient rationale for discounting lay testimony that was

controverted by the medical evidence.  The ALJ determined properly that the lay testimony was

ultimately unpersuasive in light of the entire record.  Despite plaintiff's complaints about the

14 - OPINION AND ORDER

diminished weight attributed to this evidence, the ALJ committed no errors in evaluating this kind of evidence, and in determining that the evidence was not dispositive as to the question of plaintiff's alleged inability to work.

### 5.    The ALJ's step five analysis

Plaintiff's final argument is that the ALJ erred by referring to the Medical-Vocational Guidelines in determining that there was work available to plaintiff in significant numbers during his period of claimed disability.  This argument reasserts plaintiff's complaints pertaining to the ALJ's RFC findings and the ALJ's omission regarding plaintiff's alleged non-exertional limitations.  Because plaintiff failed to produce sufficient evidence of such limitations and this issue has been resolved against plaintiff, this argument is rejected.  The Guidelines accurately described plaintiff's limitations, and the ALJ properly relied upon the Guidelines rather taking testimony from a VE.  *Reddick*, 157 F.3d at 729.  This satisfied the Commissioner's burden at step-five of the sequential evaluation.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001).

### CONCLUSION

For the reasons provided, this court concludes that the findings of the Commissioner are based upon the correct legal standards and are supported by substantial evidence in the record. The final decision of the Commissioner denying the DIB application of plaintiff Marvin E. White is AFFIRMED.

IT IS SO ORDERED.

DATED this ___24___ day of September, 2008.

     /s/ ANCER L. HAGGERTY
        ANCER L. HAGGERTY

15 - OPINION AND ORDER

United States District Judge

16 - OPINION AND ORDER